STATE EX REL. INDIANA STATE BOARD OF DENTAL
EXAMINERS *v.* BOSTON SYSTEM DENTISTS.

[No. 27,170.   Filed March 30, 1939.   Rehearing
denied May 1, 1939.]

*Omer S. Jackson,* Attorney General, *Thomas Long-fellow,* Deputy Attorney General, and *J. Edwin Smith,* for appellant.

*Oscar Thiel,* and *Bess Robbins,* for appellee.

SHAKE, J.—The state, on the relation of the Board of Dental Examiners, sought to permanently enjoin appellee from practicing dentistry and from doing certain specific acts which licensed dentists are prohibited from doing by the statute regulating that profession (§63-501 et seq. Burns 1933, §5586 Baldwin's 1934.) The trial court denied the injunction. The alleged errors relate to the striking out of parts of the amended complaint and to the overruling of the motion for a new trial, by which it was assigned that the decision was contrary to law and that certain testimony offered on behalf of the appellant was improperly excluded.

The original dental practice act, adopted in 1913, made it unlawful for "any person" to practice dentistry without a license issued by the state board. This provision is still in effect (Acts 1913, ch. 138, §1, p. 340, §63-501 Burns 1933, §5586 Baldwin's 1934.) Appellee was incorporated under the general laws of this state on March 2, 1917 "for the purpose of engaging in and carrying on the business of dentistry and every branch thereof; the manufacturing, buying, selling and dealing

in dental supplies, artificial dentists' crowns and bridge work, porcelain and gold inlays and other merchandise; printing and advertising and doing all other acts connected with or incident to the business of dentistry or any branch thereof." By an amendment to the act of 1913, effective March 9, 1917—7 days after appellee's incorporation—it was provided:

". . . That it shall not be unlawful for any one duly licensed so to do, to practice dentistry, or to hold himself out as a practitioner of dentistry, under the name of any legally incorporated dental company, existing and in operation prior to the taking effect of this act." (Acts 1917, ch. 160, §7, p. 667, §63-523 (6) Burns 1933, §5608 Baldwin's 1934.)

The specific acts which the state sought to enjoin, other than the practice of dentistry, were offenses for which a license to practice dentistry may be revoked by the state board. It is conceded that the appellee is not, and has never been, licensed to practice dentistry, so that said specific acts are unimportant in the consideration of this appeal. The substantial question presented is, whether the appellee was engaged in the practice of dentistry, and what rights, if any, it possessed under its charter and the act of 1913 as subsequently amended. The appellee contends, in support of the judgment denying the injunction, that: (1) it was not engaged in the practice of dentistry as defined in the statute; (2) the business in which appellee was engaged was specifically authorized by its charter and section 7 of the act of 1917, quoted above; (3) the remedy of injunction is not proper because the practice of dentistry without a license is made a misdemeanor, punishable by fine and imprisonment; (4) that to grant the injunction would amount to a forfeiture of appellee's charter, which is a contract between it and the state, and destroy its vested rights, in violation of the principles of constitutional law.

The appellee maintained in the city of Gary an office with the usual facilities used by practicing dentists; it owned the equipment and paid the operating expenses; two licensed dentists used said facilities and carried on a dental practice in said office; the fees collected for the services performed by these dentists were received by a cashier employed by appellee and remitted by her to its treasurer in Chicago; said dentists received from appellee, by way of remuneration, salaries fixed by contract and commissions depending upon the volume of income. The appellee's method of doing business constituted the practice of dentistry on its part. It occupied the relation of master toward the licensed dentists, who performed the actual services, and they were its servants for hire. Under the laws of this state the practice of dentistry is regarded as a skilled profession. *Wilkins* v. *State* (1888), 113 Ind. 514, 16 N. E. 192. Upon principle the regulation of the dental profession is not generally dissimilar in effect to that imposed upon the practice of medicine. *Douglas* v. *Noble* (1923), 261 U. S. 165, 43 S. Ct. 303, 67 L. Ed. 590. This court has held that a corporation may not engage in the practice of medicine directly, or by employing licensed persons for that purpose. *Iterman* v. *Baker* (1938), 214 Ind. 308, 15 N. E. (2d) 365. The same rule is applicable to the practice of dentistry and, under the undisputed evidence, this appellee was engaged in the practice of that science, in violation of the law.

Section 7 (6) of the act of 1917 authorizes anyone licensed to practice dentistry to hold himself out as a practitioner under the name of any legally incorporated dental company existing and in operation prior to the taking effect of that act. This proviso was clearly for the benefit of persons legally licensed to practice dentistry, and it cannot be construed to extend any privileges to a corporation. The

licensed dentists who practiced in the office maintained by appellee as its servants are claiming no rights under the act of 1917, and appellee is not entitled to any.

The appellee is entitled to no protection because the unauthorized practice of dentistry in this state is made a crime, punishable by fine and imprisonment. There are cases where a court of equity will not intervene to apply its remedy when the wrong is punishable under the criminal code. But that rule does not apply here. The statute specifically authorizes the Attorney General, the prosecuting attorney, the State Board of Dental Examiners, or any citizen of any county where any person shall engage in the practice of dentistry without a license, to maintain an action for injunction to restrain such unauthorized practice. It is further provided that the remedy of injunction shall not relieve any person so offending from criminal prosecution. §63-513 Burns 1933. But if an injunction is not specifically authorized, the situation presented would bring it within the rule applicable where the protection of the public welfare is involved. In such cases equity will intervene notwithstanding the wrong complained of may also be a crime. *State Dental Examiners* v. *Savelle* (1932), 90 Colo. 177, 8 Pac. (2d) 693, 82 A. L. R. 1176; *People by Kerner* v. *United Medical Service* (1936), 362 Ill. 442, 200 N. E. 157, 103 A. L. R. 1229; *State* v. *Bailey Dental Co.* (1931), 211 Iowa 781, 234 N. W. 260; *State* v. *Howard* (1932), 214 Iowa 60, 241 N. W. 682.

To prohibit the appellee from engaging in the unauthorized practice of dentistry by injunction does not destroy any of its vested rights. The practice of dentistry is a personal privilege and not a matter of right. *Iterman* v. *Baker, supra.* It is a profession and not a business. Appellee acquired no right to engage in that profession by reason of its

articles of incorporation, adopted in 1917, because the state had already restricted the right to practice dentistry, by the act of 1913, in such a manner as to exclude corporations. If appellee practiced dentistry prior to the 30th day of April, 1917, as stated in its second paragraph of answer, such practice was in violation of the laws of this state. As the statutes have been interpreted by this court, no corporation has been entitled to practice dentistry in this state since the enactment of the act of 1913, for the reason that a corporation cannot take the examination required by law, and cannot qualify for a license. Nor would the appellee's corporate franchise be forfeited by restraining it from unlawfully engaging in the practice of dentistry. By the terms of its charter it may legitimately manufacture, buy, sell, and deal in dental supplies and other merchandise. It cannot be enjoined from engaging in that business; but it may not follow a skilled profession, the practitioners of which are required to have a personal license.

From the memorandum opinion of the trial court, filed and made a part of the record, it appears that the appellant's prayer for an injunction was denied because the trial judge believed that, under its charter, appellee was entitled to engage in the practice of dentistry by employing licensed dentists to perform that character of service on its behalf. We have reached a different conclusion, and it therefore follows that the judgment appealed from is contrary to law. It appears from the record that the facts were fully before the court and that no good purpose would be served by resubmitting them for determination.

The cause is reversed, with directions to enter judgment for appellant permanently enjoing appellee from engaging in the practice of dentistry in the State of Indiana, and for all other proper relief.

Roll, J., absent.