ICE *v*. STATE EX REL. INDIANA STATE BOARD OF DENTAL EXAMINERS.

[No. 29,774. Filed November 2, 1959.]

*William C. Welborn* and *Milford M. Miller,* both of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Thomas L. Webber,* Assistant Attorney General, for appellee.

ACHOR, C. J.—This is an action by the State of Indiana on relation of the Indiana State Board of Dental Examiners for an injunction to restrain appellant Robert B. Ice from engaging in the practice of dentistry. The injunction issued and from this decree appellant appeals.

Appellant is a dental technician with 20 years' experience. During his military service he both fitted and manufactured prosthetic dentures. Appellant asserts that the Acts of 1943, ch. 308, §2, p. 1036 [being §63-522, Burns' 1951 Repl.], which defines the practice of dentistry and limits such practice only to licensed dentists, is unconstitutional and that the decision of the court is contrary to law and is not sustained by sufficient evidence.

In support of his contention that the decision of the court is contrary to law and not sustained by sufficient

evidence, appellant argues that the decision is contrary to public policy in that it prohibits experienced dental technicians from taking impressions necessary to the manufacture of dentures and prohibits the construction or repair of dentures to be worn by any person except on prescription by and delivery to a licensed dentist.[1] In support of his argument, appellant asserts the existence of a great public need for dentures and a comparable shortage of dentists, which makes it impossible for the dentist to either make or adequately supervise the making of dentures sufficient to meet the public need. In effect, appellant argues that the injunction constitutes an unlawful exercise of the police power.

However, it is well settled that the practice of dentistry is a profession directly related to the public health and that the exercise of the police power for control of practice of dentistry is a matter which rests with the legislature and not with the court. Upon this subject this court has stated:

"The legislative judgment that the welfare of the public requires that those practicing the dental profession shall possess the necessary skill and learning and shall obtain a certificate, is probably conclusive. But, if it were not, the courts must take judicial knowledge that it is a profession requiring skill. The fact that the dentist employs his professional skill upon an important part of the human

---

1. "Any person shall be said to be practicing dentistry within the meaning of this act [§§63-501—63-526] who . . . makes impressions or casts of any oral tissues or structures for the purpose of diagnosis or treatment thereof or for the construction, repair, reproduction or duplication of any prosthetic device to alleviate or cure any oral lesion or replace any lost oral structure, tissue, or teeth; or engages in practices included in the curricula of recognized dental colleges; or directly or indirectly by any means or method furnishes, supplies, constructs, reproduces, repairs, or adjusts any prosthetic denture, bridge, appliance, or any other structure to be worn in the human mouth and delivers the same to any person other than the duly licensed dentist upon whose prescription or order the work was performed; . . ." §63-522, Burns' 1951 Repl.

body is, of course, known to every one, and can not be unknown to the courts. As this is known, it must follow that it may also be judicially known that one unskilled in the profession may injure the person who employs him. As this is so, then, as we have seen, the Legislature may prescribe the qualifications of those permitted to practice the profession.

. . .

"It is established law that an act of the Legislature can not be annulled by the judiciary in any respect unless it clearly contravenes some provision of the Constitution. Doubt must be resolved in favor of the validity of the statute. Since this doctrine was announced by Chief Justice Marshall, early in the history of our country, it has been inflexibly adhered to by all the courts. Cooley Const. Lim. (5th ed.) 218; *Beauchamp* v. *State*, 6 Black. 299; *Pittsburgh, etc., R. W. Co.* v. *Brown*, 67 Ind. 45 (33 Am. R. 73); *Hedderich* v. *State*, 101 Ind. 564 (51 Am. R. 768); *Robinson* v. *Schenck*, 102 Ind. 307 (319)." *Wilkins* v. *The State* (1888), 113 Ind. 514, 516-517, 16 N. E. 192.

We next consider appellant's contention that the law is unconstitutional. Appellant asserts that it violates Art. 1, §§1, 21 and 23 of the Constitution of Indiana, and Section 1 of the Fourteenth Amendment to the Constitution of the United States.[2]

Specifically appellant contends that under Art. 1, §§1 and 23, *supra*, appellant has a vested right as a dental

2. "All men are endowed by their creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness." Art. 1, §1, Const. of Indiana.

"No man's particular services shall be demanded, without just compensation. No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered." Art. 1, §23, Const. of Indiana.

". . . No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Amend. 14, §1, Const. of the United States.

technician, experienced in the making of prosthetic dentures, to continue the practice of his profession, notwithstanding the provisions of §63-522, *supra,* which defines such activity as the practice of dentistry, and because of this alleged vested right the appellant's constitutional rights are violated by the enforcement of this statute.

Further appellant contends that he has been discriminated against in that he has not been extended the same privileges and immunities as other classes of citizens, such as dentists or medical technicians, contrary to Art. 1, §23 of the Constitution of Indiana, *supra,* and §1 of the Fourteenth Amendment to the Constitution of the United States, *supra.* The contentions have heretofore been answered in the negative by the following cases and authorities:

In *State* v. *Williams* (1937), 211 Ind. 186, 197, 5 N. E. 2d 961, this court said:

> "The profession of dentistry is not a business, but one of the learned professions which requires long years of study before one is capable of practicing the profession. . . . and anyone who is not so qualified can neither directly nor indirectly practice dentistry. . . ."

And in *State ex rel. Bd. of Dental Exam.* v. *Boston Sys. Den.* (1939), 215 Ind. 485, 489, 19 N. E. 2d 949, this court said:

> "To prohibit the appellee from engaging in the unauthorized practice of dentistry by injunction does not destroy any of its vested rights. The practice of dentistry is a personal privilege and not a matter of right. *Iterman* v. *Baker, supra* (214 Ind. 308, 15 N. E. 2d 365). It is a profession and not a business. . . ."

And in *Lucas* v. *State ex rel. Board, etc.* (1951), 229 Ind. 633, 639-642, 99 N. E. 2d 419, we quoted from *The State, ex rel. Burroughs* v. *Webster et al.* (1898), 150

Ind. 607, 616, 617, 618, 619, 620 and 621, 50 N. E. 750, 753, 754, 755, with approval as follows:

" 'Statutes similar to the one under consideration, denying to all physicians in the state, lawfully engaged in practice, the right to continue such practice, until they conform to the requirements of the statute, and restricting the practice of medicine to persons who are able to demonstrate their qualifications have been held constitutional as a proper exercise of the police power of the state in nearly every state of the union and in the Supreme Court of the United States. (Cases cited.)

. . .

" 'Similar statutes have been sustained for the regulation of the practice of dentistry. (Cases cited.)

. . .

" 'In every one of these cases it has been held that it is within the power of the General Assembly to prescribe qualifications for the practice of the professions or trades named, and to regulate and control these professions, *even to the point of taking away the right to practice from persons lawfully engaged in the practice* who may be deemed insufficiently qualified in the judgment of the board or official to whom the examination of the applicant has been entrusted.' (Our italics.)

. . .

"And, in *Dent* v. *West Virginia, supra* (129 U. S. 114), it was said by the Supreme Court of the United States: 'It is undoubtedly the right of every citizen of the United States to follow any lawful calling, business, or profession he may choose, subject only to such restrictions as are imposed upon all persons of like age, sex and condition. This right may, in many respects be considered a distinguishing feature of our republican institutions. Here all vocations are open to every one on like conditions. All may be pursued as sources of livelihood, some requiring years of study and great learning for their successful prosecution. The interest, or, as it is sometimes termed, the estate acquired in them, that is, the right to continue their prosecution, is often of great value to

.the possessors, and cannot be arbitrarily taken from them, any more than their real or personal property can be thus taken. But there is no arbitrary deprivation of such right where its exercise is not permitted because of a failure to comply with conditions imposed by the state for the protection of society. The power of the state to provide for the general welfare of its people authorizes it to prescribe all such regulations as, in its judgment, will secure or tend to secure them against the consequences of ignorance and incapacity as well as of deception and fraud. As one means to this end it has been the practice of different states from time immemorial, to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely, their possession being generally ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subjects, scientific and otherwise, with which such pursuits have to deal. The nature and extent of the qualifications required must depend primarily upon the judgment of the state as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable study or application, no objection to their validity can be raised because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unattainable by such reasonable study and application, that they can operate to deprive one of his right to pursue a lawful vocation."

See also: 5 I. L. E., Constitutional Law, §203, p. 496; 16 C. J. S., §195, pp. 940-942; 16A C. J. S., §510, pp. 337-340, §511g, pp. 354-355, §§668, 669, pp. 1059-1060, 1069-1071, §673, p. 1078.

Judgment is therefore affirmed.

Arterburn, Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 171.