IN THE MATTER OF THE ESTATE OF EFFIE WEGMILLER, DECEASED, ROBERT SIPES AND CAROL SIPES *v.* FIRST NATIONAL BANK OF BLOOMINGTON, EXECUTOR, AND BLOOMINGTON HOSPITAL AND INDIANA UNIVERSITY FOUNDATION

[No. 1-977A230. Filed June 27, 1978.]

---

*William H. Andrews, Baker, Barnhart, & Andrews*, of Bloomington, for appellant.

*Sylvan W. Tackitt*, of Bloomington, for appellee, First National Bank of Bloomington.

## STATEMENT OF THE CASE

LOWDERMILK, J. — Petitioners-appellants Robert Sipes and Carol Sipes (the Sipes) appeal after the Monroe Circuit Court overruled their motion to set aside the election of Harold B. Wegmiller to take against the will of his deceased wife, Effie Wegmiller. Respondents-appellees include First National Bank of Bloomington as Executor of the estate of Effie Wegmiller, Bloomington Hospital, and Indiana University Foundation (hereinafter referred to simply as First National Bank).

## STATEMENT OF THE FACTS

Effie Wegmiller died September 25, 1975. She and her husband owned approximately nineteen acres as tenants by the entirety. In her will, Effie Wegmiller devised the nineteen acres to a Trustee. The income from the trust was to be used for the benefit of her husband. Upon his death (which occurred October 21, 1976), the nineteen acres were to be conveyed to her cousins, Robert and Carol Sipes.

The will of Effie Wegmiller was probated September 30, 1975. At that time, relevant statutes provided as follows:

"The election by a surviving spouse to take the share hereinbefore provided must be made not later than ten [10] days after the expiration of the time limited for the filing of claims; . . ."

IC 1971, 29-1-3-2 (Burns Code Ed.)

"(a) All claims against a decedent's estate, other than expenses

of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six [6] months after the date of the first published notice to creditors.

* * *"

IC 1971, 29-1-14-1 (Burns Code Ed.)

The first notice for filing of claims appeared October 4, 1975, and stated that claimants had six months from October 4, 1975, in which to file claims.

IC 1971, 29-1-14-1 (Burns Supp. 1977) was amended, effective January 1, 1976, so that the time allowed for filing of claims was reduced to five months.

On April 12, 1976, Harold B. Wegmiller filed his election to take against the will of his deceased wife. The Sipes asked the court to set aside the election on grounds that it had not been timely filed. The court refused to set aside the election. The Sipes now seek review of that ruling.

## ISSUE

This appeal requires consideration of only one issue:

Did Harold Wegmiller timely file his election to take against the will of his deceased wife?

## DISCUSSION AND DECISION

The Sipes argue that, although persons had six months in which to file claims, Wegmiller had only five months and ten days in which to file his election to take against the will. They base this argument upon the fact that at the time the notice was published October 4, 1975, the statute provided six months in which to file claims; but at the time Wegmiler filed his election, the amended statute provided only five months in which to file claims.

Throughout their appellants' brief, the Sipes regard the relevant

statutes as statutes of limitation and argue that a statute of limitation operates retrospectively as well as prospectively.

First National Bank cites *Kuzma v. Peoples Trust & Savings Bank* (1961), 132 Ind.App. 176, 176 N.E.2d 134, in which the court considered the statute imposing a time limitation on the filing of claims against an estate and concluded that the statute imposes a condition precedent to asserting a statutory right; it does not serve as a statute of limitation, which would only bar a remedy.

The Sipes maintain in their reply brief that the rules and authorities set forth in their appellants' brief regarding statutes of limitation apply to the case at bar regardless of whether the statute is deemed to impose a limitation upon the remedy or a condition precedent to exercise of a right.

The Sipes also note that, when the Legislature enacted the Probate Code, effective January 1, 1954, it made the following provision for estate proceedings in progress:

"* * *

(b)   No act done in any proceeding commenced before this [Probate] Code takes effect, and no accrued right, shall be impaired by its provisions. When a right is acquired, extinguished or barred upon the expiration of a prescribed period of time which has commenced to run by the provision of the law in force at the time, such provision shall remain in force and be deemed a part of this [Probate] Code with respect to such right, and not withstanding any of the provisions of this act, the person or persons who shall be entitled to take or receive any property, right, power or interest on the final settlement and distribution of any estate pending or any trust being administered at the time this act takes effect shall be determined, and his or their rights, powers and interest shall be governed by the statutes and applicable decisions in force and effect immediately prior to the taking effect of this act."

* * *" IC 1971, 29-1-1-2 (Burns Code Ed.)

The Sipes contend that, because no comparable provision accompanied the amendment effective January 1, 1976, none can be implied.

In general, statutes are to be construed prospectively rather than retrospectively unless a contrary intent is expressed. A retroactive ap-

plication of statutes which would impair vested rights or violate some constitutional guaranty should be avoided. *Guthrie v. Wilson* (1959), 240 Ind. 188, 162 N.E.2d 79.

Statutes of limitation are generally regarded not as substantive in nature but rather as affecting the remedy. *Guthrie v. Wilson, supra.* In *Sansberry v. Hughes* (1910), 174 Ind. 638, 640, 92 N.E. 783, the Supreme Court explained:

"... In respect to substantive rights, conferred by law, or acquired by contract, there is no doubt of constitutional protection without modification or change. It is otherwise with a mere remedy. . . ."

Persons who wished to file claims against the estate of Effie Wegmiller were informed by published notice that they had six months from October 4, 1975, in which to file their claims. The Sipes do not dispute First National Bank's contention that all creditors had six months in which to file claims despite the amendment which became effective January 1, 1976.

In both 1975 and 1976, IC 1971, 29-1-3-2, *supra*, provided that a surviving spouse could file the election to take against the will not later than ten days after the expiration of the time limited for the filing of claims. This statute, just as IC 1971, 29-1-14-1, *supra*, does, imposes a condition precedent to asserting a statutory right.[1] Wegmiller initially had six months and ten days from October 4, 1975, in which to file his election to take against the will. The amendment which became effective January 1, 1976, did not affect this substantive right. Wegmiller had ten days after April 4, 1976, in which to file his election. Therefore, his election filed April 12, 1976, was timely.

The Sipes provide argument concerning a second issue. We do not address that issue, however, for it presupposes that Wegmiller made

---

1. For analysis of the distinction between a statute of limitation and a statute imposing a condition precedent to the exercise of a statutory right, see *Wawrinchak v. United States Steel Corp.* (1971), 148 Ind.App. 444, 267 N.E.2d 395.

The Sipes have cited numerous cases in support of their argument. We make no attempt to distinguish each and every case but state summarily that cases in which a statute expands or limits a remedy do not dictate disposition of the case at bar, for the case at bar concerns a statute creating a substantive right and imposing a condition precedent to exercise of that right.

no election to take against the will of his deceased wife; we hold that such an election was timely filed.

Judgment affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE — Reported at 377 N.E.2d 664.