(No. 50199.—

JOSEPH POZNER *et al.*, Appellants, v. FRED A. MAUCK, Appellee.

*Opinion filed November 22, 1978.*

Gaines and Boyer, of Chicago (Alan I. Boyer, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield (Roger H. Simon, Jr., Special Assistant Attorney General, of Chicago, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal by plaintiffs, licensed insurance solicitors, from a judgment of the circuit court of Cook County upholding Public Act 78—637 which removes all references to solicitors from the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, pars. 1065.36 through 1065.59). A direct appeal to this court was allowed on the ground that the public interest requires that we promptly adjudicate the matter (58 Ill. 2d R. 302(b)).

On February 28, 1974, plaintiffs filed a class action in the circuit court of Cook County on behalf of themselves and all other duly licensed insurance solicitors similarly situated. The complaint sought injunctive and declaratory relief, alleging that Public Act 78—637 arbitrarily, capriciously and unreasonably deprives them of their occupation without due process of law. The Act amends the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, pars. 1065.36 through 1065.59) by, *inter alia,* removing all mention of solicitors and their licensure. An agreed order was entered on March 1, 1974, restraining defendant Mauck, Director of the Department of Insurance, from commencing administrative actions against plaintiffs under the new law, until further order of the court.

On July 23, 1974, defendant Mauck filed a motion to dismiss plaintiffs' complaint. The motion was denied, but the circuit court certified that the question presented, the constitutionality of Public Act 78—637, was a proper subject for an interlocutory appeal to the appellate court under Rule 308(a) (58 Ill. 2d R. 308(a)). The appellate court ordered that defendant's application for leave to appeal be granted, but subsequently vacated the order and denied the application.

Upon denial of his application, and with the cause now pending in the circuit court, defendant filed a motion in that court for judgment on the pleadings. The court

granted the motion on October 27, 1977, and stayed enforcement of its order pending appeal.

The major concern of the plaintiffs here is the effect of Public Act 78—637 on their livelihood. The Act, in effect, requires that plaintiffs meet licensing requirements once imposed only on agents and brokers if they wish to continue in their calling. In determining the propriety of such legislative action, we are guided by ample precedents and the language of the court in *Klein v. Department of Registration & Education* (1952), 412 Ill. 75, 78-79:

"An inherent feature of our form of government is that every citizen has the inalienable right to engage in any legitimate trade, occupation, business or profession which he sees fit. His labor is his property and is bulwarked by the full and equal protection of the law afforded by the due process clause of the Federal constitution. It is also embraced within the constitutional provision which guarantees to everyone liberty and the pursuit of happiness. [Citation.] The right to pursue a trade or calling is, however, subordinate to the right of the State to limit such freedom of action where the public health, safety or welfare may require. [Citations.] In instances where the police power is invoked to regulate and supervise a legitimate occupation, the restraint imposed must be reasonable. The legislative determination that regulations are needful is not conclusive and is always subject to review. In order for such regulations to be lawfully imposed upon the constitutional rights of the individual to pursue his trade, profession or business, the act passed under the guise of a measure to protect the public health, safety and welfare must have a definite relation to the ends sought to be attained. [Citations.]"

Properly authorized legislative enactments are presumed valid, however (*Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 12; *Board of Library Directors v. City of Lake Forest* (1959), 17 Ill. 2d 277, 281), and a party attacking a law has the burden of showing that it is unreasonable (*Rios v. Jones* (1976), 63 Ill. 2d 488, 497; *Thillens, Inc. v. Morey* (1957), 11 Ill. 2d 579, 591). The court's only inquiry is whether the legislation represents a rational means to accomplish a proper purpose. (*Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 488, 99 L. Ed. 563, 572, 75 S. Ct. 461, 464; *Chicago Real Estate Board v. City of Chicago* (1967), 36 Ill. 2d 530, 541-42.) We will not substitute our judgment for that of the legislature. *Thillens, Inc. v. Morey* (1957), 11 Ill. 2d 579, 591; *Gadlin v. Auditor of Public Accounts* (1953), 414 Ill. 89, 95.

Having set forth the standards by which Public Act 78—637 is to be scrutinized, we turn to plaintiffs' arguments against the validity of the law. Plaintiffs first argue that prior statutory restrictions on their profession were sufficient, and that no need for further regulation therefore exists. Under the previous regulatory scheme, agents and brokers would merely vouch for the competency of solicitors and assume responsibility for their actions. No examination was required of solicitors.

The fault in plaintiffs' argument is their basic premise that previous law was unquestionably adequate. Defects in the law were noted in the Report of the Illinois Insurance Study Commission to the Seventy-Seventh General Assembly 5-6:

"The Commission will seek to establish rules and regulations for the licensing of insurance brokers and salesmen in order to raise the level of professional competence. The Commission believes that many individuals are selling insurance who have no right to be involved in such a complex endeavor. As an adjunct to this upgrading, the Commission favors greater statutory emphasis upon the

> responsibility of the insurance companies for the mis-
> representations of their agents."

A need for corrective action arose, and the legislature properly responded.

Plaintiffs point to language in *Scully v. Hallihan* (1936), 365 Ill. 185, 192, stating that a citizen should not be legislated out of his trade where such a measure is not definitely related to the purpose of the law. We agree with the rule set forth therein, but feel that the requisite relationship exists here. As defendant has shown, the purpose of Public Act 78—637 is to better insure that only qualified individuals sell insurance, and to make insurance companies more responsible for the representations of their agents. We cannot say that the law seeks to achieve this proper purpose in an irrational way. Where a need affecting the public interest is present, the State may implement reasonable measures to meet that need. *Rios v. Jones* (1976), 63 Ill. 2d 488, 497.

Plaintiffs also argue that the legislation is invalid because the General Assembly could have chosen less restrictive means such as requiring solicitors to take an examination appropriate to the services rendered by them. Our task, however, is not to substitute our judgment for that of the legislature, but rather to determine the reasonableness of those measures enacted. *Thillens, Inc. v. Morey* (1957), 11 Ill. 2d 579, 591.

As important as their interest in protecting their livelihood is plaintiffs' interest in maintaining their licenses as solicitors. Such a license may well constitute a property interest within the protection of due process principles (*Burden v. Hoover* (1956), 9 Ill. 2d 114, 118-19), but it is equally subject to reasonable regulation or revocation in the proper exercise of the police power. In *Rios v. Jones* (1976), 63 Ill. 2d 488, 497, we said:

> "The fact that the plaintiffs possess property
> rights and are entitled to due process protection,

however, does not mean that those rights cannot be affected by State legislation. As the United States Supreme Court declared in *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 44 L. Ed. 2d 572, 588, 95 S. Ct. 2004, 2016: '[T]he States have a compelling interest in the practice of professions within their boundaries, and *** as part of their power to protect the public health, safety, and other valid interests they have broad power to establish standards for licensing practitioners and regulating the practice of professions.' The demands of due process are proportional to the weight of the interest being protected in balancing that interest against the countervailing interests of society. (*Powell v. Jones,* 56 Ill. 2d 70, 78.) If, after balancing these interests, the State's exercise of its police power is deemed to be reasonable, the legislation in question must be upheld."

Plaintiffs finally contend that the legislation impermissibly interferes with their ability to renew their licenses. They claim that renewal was granted virtually automatically under prior law. Having determined that plaintiffs' licenses may be extinguished by reasonable legislation, we find no merit in plaintiffs' present argument.

Plaintiffs have argued that even an expectancy that their licenses would be renewed may be entitled to due process safeguards, citing *Perry v. Sindermann* (1972), 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694. Plaintiffs apparently have misread *Perry,* as the court there clearly rejected the argument that an expectancy is protected by due process, requiring something more in the nature of a "legitimate claim of entitlement" (*Perry v. Sindermann* (1972), 408 U.S. 593, 602, 33 L. Ed. 2d 570, 580, 92 S. Ct. 2694, 2700).

Moreover, the safeguards delineated in *Perry* and other

cases cited by plaintiffs (see, *e.g.*, *Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586) are procedural in nature and lend no assistance to us in addressing plaintiffs' arguments concerning substantive aspects of Public Act 78—637. Admittedly, adequate procedural safeguards are of some concern in administrative actions such as license-revocation actions under the Insurance Code (*Patchett v. Baylor* (1976), 62 Ill. 2d 426, 432-33).. In their brief in this court, however, plaintiffs do not argue that procedural due process requirements have not been met, but only argue that the legislation is arbitrary, capricious and unreasonable in light of the purpose to be served. The holding of *Perry* that an individual is entitled to a hearing when the State deprives him of a property interest is therefore not in point.

For the foregoing reasons, we hold that Public Act 78—637 is not an unreasonable exercise of the State police power as it affects plaintiffs, insurance solicitors. The judgment of the circuit court is affirmed and the cause is remanded to that court with directions to vacate its injunction order of March 1, 1974, and its stay order of October 27, 1977, restraining defendant from enforcing the provisions of Public Act 78—637.

*Affirmed and remanded,*
*with directions.*

MR. JUSTICE MORAN took no part in the consideration or decision of this case.