The SECOND NATIONAL BANK OF DANVILLE, Danville, Illinois, a national banking association, Appellant (Plaintiff below),

v.

MASSEY–FERGUSON CREDIT CORPORATION, Appellee (Defendant below).

No. 4–884A218.[1]

Court of Appeals of Indiana, First District.

June 4, 1985.

R. David Bray, White, White & Bray, Covington, for appellant.

Christopher Kirages, John W. Porter, Dutton & Overman, Indianapolis, for appellee.

ROBERTSON, Judge.

Plaintiff-appellant Second National Bank of Danville (Second National) appeals from the decision of the Warren Circuit Court entering summary judgment in favor of defendant-appellee Massey-Ferguson Credit Corporation (Massey-Ferguson).

We affirm.

A synopsis of the facts shows a priority dispute between two secured creditors. Second National had a security interest in certain personal property owned by Foster's of Indiana, Inc. (Foster's), including all machinery and equipment owned or subsequently acquired by Foster's. On November 10, 1978, Second National perfected its security interest by filing a financing statement in the office of the recorder of Fountain County and in the office of the Secretary of State.

Massey-Ferguson had a security interest in a combine and grain table purchased by

1. Diverted from the Fourth District by direction of the Chief Judge.

Foster's in 1981. On December 8, 1981, Massey-Ferguson filed a financing statement in the recorder's office in Fountain County.

Second National brought suit to foreclose its security interest in the personal property owned by Foster's. Massey-Ferguson claimed a superior interest in the combine and grain table based on a perfected purchase money security interest. Both Second National and Massey-Ferguson filed motions for summary judgment. The trial court granted Massey-Ferguson's motion for summary judgment, and Second National appealed.

One issue is dispositive of this appeal: Whether the trial court erred as a matter of law in concluding that Massey-Ferguson complied with the filing requirements of IND.CODE § 26-1-9-401 (1976).

█ Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56. Where the parties agree there is no factual dispute, as in the instant case, the task of the appellate court is to determine whether the lower court correctly applied the law. *Tilbury v. City of Fort Wayne*, (1984) Ind.App., 471 N.E.2d 1183, 1185; *Poole v. Corwin*, (1983) Ind.App., 447 N.E.2d 1150, 1151. Second National challenges the trial court's application of IND.CODE § 26-1-9-401 (1976).

IND.CODE § 26-1-9-401(1)(a) (1976) provided:

> The proper place to file in order to perfect a security interest is as follows: When the collateral is equipment used in farming operations, or farm products, or accounts, contract rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the county recorder in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the county recorder in the county where the principal place of business of the corporation is located, and in the office of the Secretary of State....

The trial court determined that Massey-Ferguson complied with the terms of this statutory provision. The collateral, a combine and grain table, constituted equipment used in farming operations. Foster's, the debtor, was located in Fountain County. Massey-Ferguson filed its financing statement in the office of the Fountain County recorder.

Second National contends that the statute required filing in a manner other than that done by Massey-Ferguson, because the statute as written was ambiguous. Second National proposes that the legislature intended for secured creditors of corporate debtors to file locally and in the office of the Secretary of State. To support that argument, Second National relies principally on the language of I.C. 26-1-9-401 as enacted prior to its amendment in 1971:

> The proper place to file in order to perfect a security interest is as follows: When the collateral is equipment used in farming operations, or farm products, or accounts, contract rights or general intangibles arising from or relating to the sale of farm products by a farmer, or consumer goods, then in the office of the county recorder in the county of the debtor's residence or if the debtor is not a resident of this state then in the office of the county recorder where the goods are kept, *or if the debtor is a corporation then in the office of the county recorder in the county where the principal place of business of the corporation is located, and in the office of the Secretary of State....*

(Emphasis added).

█ Second National urges this court to add a dual filing requirement to the statute in effect at the time Massey-Ferguson filed its financing statement. While courts are permitted to read words into a statute, such judicial construction occurs only when the legislative intent can be discerned from the statute. *State ex rel. 1625 E. Washington Realty Co. v. Markey*, (1937) 212 Ind. 59, 7 N.E.2d 989; *Zoercher v. Indiana*

*Associated Telephone Corp.*, (1937) 211 Ind. 447, 7 N.E.2d 282. Otherwise, an extension of the plain meaning of a statute by the addition of words or phrases would encroach upon the legislative function. *Grave v. Kittle*, (1951) 122 Ind.App. 278, 101 N.E.2d 830.

The legislative intent behind the 1971 amendment to I.C. 26–1–9–401 is by no means clear. The available legislative history sheds no light upon the legislative intent behind the changes in the filing requirements. Journal of the House of Representatives, First Regular Session of the 97th General Assembly, pp. 438, 582, 678, 1506, 1627–28 (1971); Journal of the Senate, First Regular Session of the 97th General Assembly, pp. 812, 1258, 1300, 1526 (1971). Second National perceives the Amendment as reflecting an inadvertent omission of language requiring dual filing when the debtor is a corporation. Yet the legislature may have intended to adopt the second alternative of the 1962 text of U.C.C. § 9–401, which eliminated separate filing requirements for secured creditors of corporate debtors. *See*, U.C.C. § 9–401(1)(a), *Second Alternative*, (1962 Official Text). In the absence of discernible legislative intent, we must decline to add words to the statute through judicial construction.

■ Our refusal to extend the plain language of I.C. § 26–1–9–401 (1976) finds further support in the purposes and policies underlying the Uniform Commercial Code. The U.C.C. was adopted to simplify, clarify and modernize the law governing commercial transactions. IND.CODE § 26–1–1–102(2) (1982). To add filing requirements through judicial construction is inconsistent with such policies. Because Massey-Ferguson complied with the express requirements of I.C. 26–1–9–401 (1976), we affirm the summary judgment in its favor.

Judgment affirmed.

RATLIFF, P.J. and NEAL, J., concur.