James W. MORRIS and Monica R. Morris, Plaintiffs–Appellants,

v.

SCOTTSDALE MALL PARTNERS, LTD.; Scottsdale Mall; and Hacienda Restaurant, Defendants–Appellees.

No. 50A03–8709–CV–262.

Court of Appeals of Indiana, Third District.

May 31, 1988.

John C. Firth, Thomas C. Sopko & Associates, South Bend, for plaintiffs-appellants.

Edward N. Kalamaros, Peter J. Agostino, Edward N. Kalamaros & Associates, South Bend, for defendant-appellee Hacienda Restaurant.

HOFFMAN, Judge.

James W. Morris and Monica R. Morris appeal from the Marshall County Circuit Court's entry of summary judgment in favor of the Hacienda Restaurant.

The facts of this case, as taken most favorably to the Morrises' claim, are as follows: On December 21, 1984, James Morris went Christmas shopping at the Scottsdale Mall in South Bend. After the stores in Scottsdale Mall closed at 9:00 P.M., Morris patronized the Hacienda Restaurant, which is located on the second floor of the Scottsdale Mall. When Morris left the Hacienda Restaurant, the only route available to the parking lot was a stairway across the mall hallway. While walking down the stairway, Morris slipped and fell due to an accumulation of water and/or some other foreign substance on the staircase, and a guardrail of insufficient height failed to prevent injury to Morris.

The Morrises allege that the trial court erred in granting summary judgment in favor of the Hacienda Restaurant and specifically argue here that the Hacienda Restaurant owed a duty to Morris to keep the stairway in a safe condition. The tort of negligence is comprised of three elements: one, a duty on the part of the defendant in relation to the plaintiff; two, a failure on the part of the defendant to conform his conduct to the requisite standard of care required by the relationship; and three, an injury to the plaintiff resulting from that failure. *Swanson v. Wabash College* (1987), Ind.App., 504 N.E.2d 327, 329. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Second Nat. Bank v. Massey–Ferguson Credit* (1985), Ind.App., 478 N.E.2d 916, 917; and Ind. Rules of Procedure, Trial Rule 56(C). In reviewing a trial court's granting of a motion for summary judgment, the appellate court applies the same standard as that employed by the trial court: summary judgment will be affirmed only if the record shows that the appellee is entitled to judgment as a matter of law. *King v. Bartholomew County Hosp.* (1985), Ind. App., 476 N.E.2d 877, 880.

The record of proceedings here shows that there is no question that the stairway where Morris allegedly slipped and fell is a common area of the Scottsdale Mall and

not under the control of the Hacienda Restaurant. The stairway is used by patrons of several businesses in the Scottsdale Mall besides the Hacienda Restaurant, and in fact Morris himself had used the same stairway in the past to exit the mall after shopping at businesses other than the Hacienda Restaurant. The Hacienda Restaurant did not lease from Scottsdale Mall the stairway on which Morris allegedly slipped and fell, and the lease agreement between Scottsdale Mall and the Hacienda Restaurant specifically designated all "walkways" as common area which Scottsdale Mall as landlord would operate and maintain.

It is well-settled law in Indiana that it is the duty of the landlord to maintain in safe condition the common stairways and other parts of the building used in common by tenants and over which the landlord retained control. *Slusher v. State* (1982), Ind.App., 437 N.E.2d 97, 99, *transfer denied*. It is only logical to conclude that the tenant cannot be held to have a duty to safely maintain an area which the landlord specifically retained control over:

> "*Use or control by landlord.* As a general rule, a tenant of a part of demised premises is not liable for injuries resulting from the unsafe condition of parts of the premises for which he has assumed no responsibility and over which the landlord has retained control, such as a parking area, sidewalk, or a walk or stairway used by him in common with other tenants[.]" (Footnotes omitted.) 52 C.J.S. Landlord and Tenant § 436.

Since Scottsdale Mall retained control over the stairway upon which Morris allegedly slipped and fell, the Hacienda Restaurant owed no duty to Morris to maintain the stairway in a safe condition. The Hacienda Restaurant was thus entitled to judgment as a matter of law and summary judgment was properly granted by the trial court.

There being no finding of error, the trial court's judgment is affirmed.

Affirmed.

STATON, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

My concurrence is not premised upon the holding of the majority that there cannot be a duty of any kind owed by a tenant with respect to a business invitee vis-a-vis defective common areas. That such a duty may exist is reflected in cases such as *Levy v. Home Depot, Inc.* (1987) Fla.App., 518 So.2d 941; *Valdez v. Warner* (1987) 106 N.M. 305, 742 P.2d 517; *Mostert v. CBL & Associates* (1987) Wyo., 741 P.2d 1090; *Hopkins v. F.W. Woolworth Co.* (1981) 11 Mass.App.Ct. 703, 419 N.E.2d 302.

I concur in the affirmance of the summary judgment because the sole duty alleged by Morris and involved as an issue in the summary judgment was a duty on the part of Hacienda with respect to construction and maintenance of the stairway. I agree with the majority that Hacienda could not have been negligent in this regard because it did not construct the stairway and it had no duty with regard to maintenance of the stairway.