STATE of Indiana ex rel. **INDIANA STATE BOARD OF DENTAL EXAMINERS, Respondent–Appellant,**

v.

**James T. JUDD, D.D.S., Petitioner–Appellee.**

No. 36A01–8911–CV–476.

Court of Appeals of Indiana, First District.

June 6, 1990.

Linley E. Pearson, Atty. Gen., Charles Martin Kidd, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for respondent-appellant.

William E. Vance, Vance & Phillips, Seymour, for petitioner-appellee.

BAKER, Judge.

In this appeal from the trial court's grant of summary judgment to petitioner-appellee James Judd, D.D.S. (Judd), respondent-appellant Indiana State Board of Dental Examiners (Board) urges us to dismiss Judd's petition for judicial review, thereby upholding the Board's order denying Judd's application for relicensure to the practice of dentistry. We affirm.

The facts of this case are straightforward and undisputed. Accordingly, in reviewing the grant of summary judgment, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *Second Nat. Bank v. Massey–Ferguson Credit* (1985), Ind.App., 478 N.E.2d 916.

Judd graduated from dental school and obtained a license to practice dentistry in 1972. He practiced until September 1983, when he left dentistry to take part in the operation of his family's grocery store chain. Judd's license to practice dentistry was due for renewal on December 31, 1983, but he allowed it to lapse because he had left practice.

At the time Judd left practice, the statute controlling application for relicensure after expiration allowed dentists to renew expired licenses at any time upon payment of delinquent fees. "[A]ny license ... cancelled or annulled may be renewed by the board upon payment of a fee not to exceed fifty dollars ($50) to be determined by the board for the first year or part of the first year of delinquency, together with all unpaid renewal fees for each year of delinquency." IND. CODE 25–14–1–10.

On July 1, 1985, the statute was amended to allow the Board to subject a relicensure applicant to a competency examination

if the applicant's license had been expired for at least three years. "If a license remains invalid for three (3) years or more, the holder of the invalid license may be reexamined for competency by the board." *Id.*

In 1987, the statute was again amended, and now requires the Board to test applicants whose licenses have been expired for at least three years. "If a license remains invalid under this section for three (3) years or more, the holder of the invalid license may be issued a license only by reapplying for a license under section 3 or 16 (controlling admission to practice by examination) of this chapter." *Id.*

On April 19, 1988, Judd applied for relicensure. The Board denied his application on May 11, 1988 and, on Judd's request for review, the entire Board held a hearing on the application on September 16, 1988. The Board again denied the application in its order of November 23, 1988. The Board based its denial on the fact that Judd's license had been expired for more than three years and that Judd had not applied to take the competency exam.

Judd submitted his verified petition for judicial review on December 6, 1988. After a hearing on both parties' motions for summary judgment, the trial court entered summary judgment for Judd on August 14, 1989. The Board now appeals, raising as its first issue the propriety of the verification of Judd's petition.

## I. *Verification of Petition*

■ The Board argues Judd's petition was insufficiently verified, thereby denying the trial court jurisdiction over Judd's petition. The Board is mistaken. This proceeding is governed by the Administrative Adjudication Act (AAA), IND. CODE 4-21.-5-5 *et seq.*, and, as the Board correctly states, a failure to comply with the terms of the AAA is a jurisdictional defect, which presents the trial court with no issues for

review. *Kaminsky v. Medical Licensing Bd. of Indiana* (1987), Ind.App., 511 N.E.2d 492; *City of South Bend v. Brooksfield Farm* (1981), Ind.App., 418 N.E.2d 305. A person entitled to judicial review of an agency's actions must, among other requirements, file a verified petition to receive judicial review. IND. CODE 4-21.5-5-7.[1] If a petition is not properly verified, the trial court has no jurisdiction to entertain the petition. *Kaminsky, supra.*

■ Ind. Trial Rule 11(B) governs the verification of petitions such as the one in question here. The rule provides: "[I]t shall be sufficient if the [petitioner] simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language: 'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.' " The language used in a verification is important because the fundamental purpose of verification is to subject the petitioner to the penalties for perjury. *Austin v. Sanders* (1986), Ind., 492 N.E.2d 8, 9; *Jaske v. State* (1989), Ind.App., 539 N.E.2d 492, 495, *reh'g granted, vacated on other grounds,* (1990), 553 N.E.2d 181.

While the court in *Jaske* was concerned with a petition for a special prosecutor under IND. CODE 33-14-1-6, and not with a petition under the AAA, its holding is nonetheless dispositive of the issue here. In *Jaske,* the verification section of the petition stated "Comes now the Defendant, Roger Allen Jaske ... who, being first being (sic) duly sworn upon his oath, says[.]" *Id.* 539 N.E.2d at 493. This is virtually identical to the language of Judd's petition, which read: "Comes now James T. Judd, D.D.S. and being duly sworn upon his oath, alleges and says[.]" *Record* at 7. In *Jaske,* the court held Jaske's petition was properly verified because

> Jaske swore his statement under an oath administered by a notary. To "swear" is

1. Prior to July 1, 1987, IND. CODE 4-21.5-5-7 was designated IND. CODE 4-22-1-14. The verification requirement was unchanged by the rewriting and redesignation of the statute, and the holdings in *Kaminsky* and other cases decided under the previous version of the statute remain instructive.

"to declare on oath the truth." *Black's Law Dictionary* 1298 (5th ed.1979). An "oath" is "[a]n affirmation of truth of a statement, which renders one willfully asserting untrue statements punishable for perjury." *Id.* at 966. Jaske's employment of the words "sworn upon ... oath," followed by "says" to preface his subsequent statements, is an assertion of the truth of his statements under penalties of perjury.

*Id.* at 494.

Like the petitioner in *Jaske*, Judd's verification was sufficient to subject him to the penalties for perjury. The trial court had jurisdiction over Judd's petition.

### II. *Effect of Relicensure Statute*

We come now to the real matter in dispute between the parties. The Board contends the three year period during which Judd could have renewed his license without an examination under the 1985 version of IND. CODE 25–14–1–10 expired on December 31, 1986, three years after his license expired.[2] Judd maintains that such a reading would give unjustified retroactive effect to the statute, and that the three year period during which he could apply for relicensure without examination began on the statute's effective date, July 1, 1985. We agree.

■ The general rule of statutory construction is that statutes are to be given prospective effect only, unless the legislature unambiguously and unequivocally intended retrospective effect as well. *Turner v. Town of Speedway* (1988), Ind.App., 528 N.E.2d 858, 863. There is an exception, however, for remedial statutes. *In re Smith* (1944), 115 Ind.App. 494, 60 N.E.2d 147. In deciding whether a statute is remedial, we look, among other things, at the mischief the statute seeks to cure. *W.H. Dreves, Inc. v. Oslo School Township* (1940), 217 Ind. 388, 391, 28 N.E.2d 252, 254. It is apparent from the history of IND. CODE 25–14–1–10 that the 1985 and

1987 amendments are remedial in nature, and seek to cure the mischief caused by dentists whose knowledge is outdated, or whose licensing fees are delinquent. Having found that the statute is remedial, however, does not end the analysis. "While statutes addressing merely procedural and remedial matters may be applied retroactively, such application is not required." *Gosnell v. Indiana Soft Water Service* (1987), Ind., 503 N.E.2d 879, 880; *See also Turner, supra* at 863. Courts especially disfavor retroactive application of statutes which would infringe upon rights or violate some constitutional guaranty. *Matter of Estate of Wegmiller* (1978), 177 Ind.App. 16, 20, 377 N.E.2d 664, 666.

■ In this case, the legislature has shown no unambiguous or unequivocal intent that the statute be retroactively effective. Indeed, as Judd points out, both the 1985 and the 1987 amendments refer to licenses invalid "under *this* subsection," and make no reference to previous versions of the statute. Moreover, while no one has an absolute right to practice dentistry, *State ex rel. Bd. of Dental Examiners v. Boston System Dentists* (1939), 215 Ind. 485, 19 N.E.2d 949, dentists, like members of other professions and trades, have a cognizable property interest in their ability to practice, and the practice may not be regulated arbitrarily. *See, e.g., Cassidy v. Indiana State Bd. of Registration & Examination in Optometry* (1963), 244 Ind. 137, 191 N.E.2d 492; *State v. Blockman* (1981), Tenn., 615 S.W.2d 672; *Pozner v. Mauck* (1978), 73 Ill.2d 250, 22 Ill.Dec. 727, 383 N.E.2d 203.

The Board argues any rights or interests Judd may have had in his license evaporated on December 31, 1986, three years after Judd's license expired. This argument ignores the provisions of the statute in effect on December 31, 1983. At that time, the statute allowed a dentist with an expired license to re-enter practice merely by pay-

---

**2.** It is unclear whether the Board's order relied on the 1985 or the 1987 amendment to IND.

CODE 25–14–1–10. In this court, however, the

ing delinquent licensing fees. This ability to re-enter practice was a right granted by the statute itself, and Judd's reliance on the statute was not a mere unilateral expectation of a property interest, but a legitimate claim of entitlement to the property benefits created by the statute. *See Board of Regents v. Roth* (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561.[3]

Given the strong presumption against retroactive application, coupled with the absence of any legislative intent for the statute to have retroactive effect and the interests Judd, or any similarly situated dentist, has at stake, we hold IND. CODE 25-14-1-10 has prospective effect only. The three year period began running against Judd on July 1, 1985, and his application for relicensure of April 19, 1988 was timely filed.[4] The trial court properly granted summary judgment to Judd.

Judgment affirmed.

RATLIFF, C.J., and CONOVER, J., concur.

---

Board argues the 1985 amendment should control.

**3.** The Board vigorously denies any retroactive effect under its interpretation of IND. CODE 25-14-1-10, which is that the holder of an expired dental license is subject to reexamination three years after the date of expiration. Taking this interpretation to its logical conclusion, however, a dentist whose license expired on June 30, 1982, and who did not apply for relicensure until July 1, 1985, would be subject to reexamination beginning on June 30, 1985, one day before the effective date of the 1985 amendment.

**4.** The Board argues that the trial court's interpretation of IND. CODE 25-14-1-10 was an erroneous substitution of the Board's judgment regarding a factual question. This argument is without merit. While the trial court is not allowed to substitute its judgment for that of an administrative board, *Clarkson v. Dept. of Ins. of Indiana* (1981), Ind.App., 425 N.E.2d 203, questions of statutory construction are questions of law for the courts. *Bailey v. Menzie* (1987), Ind.App., 505 N.E.2d 126.