v.

**STATE of Indiana, Respondent-Appellee.**

**No. 1-182A22.**

Court of Appeals of Indiana,
First District.

July 8, 1982.

Susan K. Carpenter, Public Defender, Frances Watson, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

R. L., a juvenile, appeals from the disposition for his adjudication of delinquency entered by the Putnam Circuit Court, Juvenile Division. Reversed and remanded with instructions.

## FACTS

R. L. was adjudicated a delinquent child by the Juvenile Division of the Putnam Circuit Court for his violation of the criminal trespass and criminal mischief statutes. At the dispositional hearing the court ordered the juvenile sent to jail for ten (10) days and ordered him to make restitution. He was thereafter also committed to the Indiana Boys' School. This appeal followed a denial of R. L.'s petition for post-conviction relief.

## ISSUE

Appellant presents only one issue for consideration by this court. Did the juvenile court err in ordering multiple dispositions for a single adjudication of delinquency?

## DISCUSSION AND DECISION

This appeal presents the question of whether Ind.Code § 31–6–4–16(g) (Supp. 1980) provides a number of mutually exclusive alternatives to the juvenile court at a dispositional hearing on an adjudication of delinquency or whether such section offers the juvenile court the opportunity to combine certain of the remedies in dealing with the juvenile.

When asked to construe a statute, this court must give meaning to the words used when such meaning is clear and unambiguous. *Dague v. Piper Aircraft Corp.*, (1981) Ind., 418 N.E.2d 207, 210. However, where the meaning of the statute is unclear or ambiguous or where more than one construction of the statute is possible, we must construe the statute so as to give effect to the apparent intent of the legislature. *Id.* See also *State v. Kokomo Tube Co.*, (1981) Ind.App., 426 N.E.2d 1338, 1345. Words will generally be accorded their plain meaning, *State ex rel. Van Buskirk v. Wayne Township, Marion County*, (1981) Ind.App., 418 N.E.2d 234, 241, and due regard will be given to punctuation. *Murphy v. State*, (1980) Ind.App., 414 N.E.2d 322, 324. But the intent of the legislature will take precedence over a strict literal interpretation, *Combs v. Cook*, (1958) 238 Ind. 392, 397, 151 N.E.2d 144, 147, especially where necessary to prevent hardship or absurdity, and to favor the public convenience. *Walton v. State*, (1980) Ind., 398 N.E.2d 667, 671. In construing a statute, this court will give the disputed provisions a construction which is synonymous with the language of the statute, so as to give effect to the entire statute. *Foremost Life Insurance Co. v. Department of Insurance*, (1980) Ind., 409 N.E.2d 1092, 1096.

In order to construe a statute then, this court must first determine whether the particular provision is unclear or ambiguous. In pertinent part, Ind.Code § 31–6–4–16(g) (Supp.1980) provides that

"[i]f the child is a delinquent child under section 1(b)(1) of this chapter, the juvenile court may:

(1) enter any dispositional decree specified by subsection (e);

(2) place him in a secure private facility for children licensed under the laws of any state (placement under this subdivision includes authorization to control and discipline the child);

(3) award wardship either to the department of correction for housing in any correctional facility for children or to any community-based correctional facility for children (wardship under this subdivision does not include the right to consent to the child's adoption);

(4) order him to pay restitution if the victim provides reasonable evidence of his loss, which the child may challenge at the disposition hearing; or

**484**

"(5) order confinement in a secure facility for children or in the juvenile part of the county jail for not more than ten (10) days; or

(6) if the child is seventeen (17) years six (6) months old or older, order confinement in a secure facility for children or in the juvenile part of the county jail for not more than thirty (30) days."

On its face subsection (g) presents an ambiguity. The statute as written includes the disjunctive "or" between clauses four and five and clauses five and six, yet does not provide such disjunctive between clauses one, two, and three. It is unclear why our legislature included the disjunctive twice in the positions that such word is used. This presents an ambiguity insofar as it is unclear whether the legislature intended by its placement of the disjunctives to provide for a combination of some or all of the dispositional alternatives. When an ambiguity is present this court must be guided in its construction by the apparent intent of the legislature in enacting the statute.

 Determination of legislative intent may include considerations of all legislation in pari materia, legislative history, and all acts passed either before or after the statute in question. *Pruden v. Trabits*, (1977) Ind.App., 370 N.E.2d 959, 963. Prior to the 1980 enactment under which this action was brought, subsection (g) read as follows:

"If the child is a delinquent child under section 1(b)(1) of this chapter, the juvenile court may:

(1) enter any dispositional decree specified by subsection (e);

(2) place him in a secure private facility for children licensed under the laws of any state (placement under this subdivision includes authorization to discipline the child);

(3) award guardianship either to the department of correction for housing in any correctional facility for children or to any community-based correctional facility for children (guardianship under this subdivision does not include the right to consent to the child's adoption or marriage);

(4) order him to pay restitution if the victim provides reasonable evidence of his loss, which the child may challenge at the dispositional hearing; or

(5) order temporary confinement in a detention facility for children or in the juvenile part of the county jail for not more than ten (10) days."

Subparagraph five was amended slightly and subparagraph six was added to give the enactment with which we are concerned. Subsequently, the subsection was again amended by addition of a seventh subparagraph:

"If the child is a delinquent child under section 1(b)(1) of this chapter, the juvenile court may:

(1) enter any dispositional decree specified by subsection (e);

(2) place him in a secure private facility for children licensed under the laws of any state (placement under this subdivision includes authorization to control and discipline the child);

(3) award wardship either to the department of correction for housing in any correctional facility for children or to any community-based correctional facility for children (wardship under this subdivision does not include the right to consent to the child's adoption);

(4) order him to pay restitution if the victim provides reasonable evidence of his loss, which the child may challenge at the dispositional hearing;

(5) order confinement in a secure facility for children or in the juvenile part of the county jail for not more than ten (10) days;

(6) if the child is seventeen (17) years six (6) months old or older, order confinement in a secure facility for children or in the juvenile part of the county jail for not more than thirty (30) days; or

(7) order the child to surrender his driver's license to the court for a specified period of time."

In both the prior and subsequent enacted versions of subsection (g) only one "or" is present between alternatives and is found in both cases between the last subparagraph of the subsection and the preceding subparagraph. Looking to these three enactments of subsection (g), it appears that the legislature intended the 1980 version, under which this action is brought, to read as did the previous enactment and as does the present enactment. The legislature apparently neglected to remove the "or" that originally separated subparagraphs four and five when it added subparagraph six in the 1980 enactment. This construction seems to most nearly comport with the legislature's intent as evinced by the prior and subsequent enacted versions of subsection (g). With this correction of the statute's facial ambiguity, we are squarely presented with the appellant's contention that section 16(g) provides mutually exclusive dispositional alternatives.

Subsection (g) gives the court a number of alternatives to deal with a child adjudged delinquent for having committed an act which would have been a crime if committed by an adult. In addition to the enumerated remedies, subsection (g) also includes the remedies of subsection (e).[1] In construing legislative intent it is incumbent upon this court to view all the dispositional alternatives together in determining whether they were intended to be mutually exclusive.

■ In construing statutes, this court must accord words their ordinary meaning and construe the statute accordingly, unless to do so would render meaningless a portion of the statute or fly in the face of a clearly contrary legislative intent. *Dague*, 418 N.E.2d at 211. There must be a presumption, albeit rebuttable, that the legislature intended to use the language used in the statute. While the disjunctive "or" will not always be treated as disjunctive, especially when to do so would result in a tortured interpretation of the statute, *id.*, where the legislature utilizes the disjunctive and no portion of the statute is thereby rendered meaningless, effect must be given to the plain words used by the legislature.

■ In the instant case, subsections (g) and (e) afford the juvenile court ten alternatives in dealing with a child adjudged delinquent by virtue of the commission of an act which would have been a crime if committed by an adult. Many of the alternatives deal with confinement and treatment of the juvenile. The court may also emancipate the juvenile and order him to pay restitution. While the confinement and treatment alternatives are not technically mutually exclusive, they do seem to indicate an intention on the part of the legislature to provide an alternative which will be tailored to the specific needs of each juvenile, as determined by the court, rather than to supply a series of remedies that the court may combine. Read in conjunction with the disjunctive form used in the statute, we do not feel that the legislature intended the juvenile to be subject to treatment and confinement alternatives including jail *and* boys' school. One or the other would be sufficient, particularly in light of the juvenile code's policy of imposing the least re-

---

1. Subsection (e) states that

"[t]he juvenile court may:

(1) order supervision of the child by the probation department or the county department;

(2) order the child to receive out-patient treatment at a social service agency, psychological, psychiatric, medical, or educational facility, or from an individual practitioner;

(3) remove the child from his home and place him in another home or shelter care facility (placement under this subdivision includes authorization to control and discipline the child);

(4) award wardship to any person or shelter care facility (wardship under this subdivision does not include the right to consent to the child's adoption); or

(5) partially or completely emancipate the child if it finds that the child:

(A) wishes to be free from parental control and protection and no longer needs that control and protection;

(B) has sufficient funds to support himself;

(C) understands the consequences of being free from parental control and protection; and

(D) has an acceptable plan for independent living."

straint on the freedom of the child when that is consistent with the safety of the community and the welfare of the child. Ind.Code § 31–6–4–16(d)(3).

Conversely, restitution and emancipation are not of the same genre as treatment and confinement. They clearly are not mutually exclusive. However, we again note the legislature's use of the disjunctive in the statute. This court cannot pick and choose among alternatives where the intent of the legislature is demonstrated by the language of the statute. Given the constraints within which this court must operate in construing statutes, the appellee's ultimate remedy may need to come from the legislature itself. However, this court will not redraft the statute in question. Accordingly, we hold that the juvenile court erred in ordering multiple dispositions for the single adjudication of delinquency, based upon our construction of the language of section 16.

■ Appellant also contends that the imposition of multiple dispositions violated his due process rights. This contention is without merit. The "Double Jeopardy Clause of the Fifth Amendment is written in terms of potential or risk of trial and conviction, not punishment." *Price v. Georgia*, (1970) 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300. We need say no more.

We remand this case to the juvenile court with instructions to dismiss the commitment to the Indiana Boys' School and the juvenile's parole therefrom. The order for restitution is also to be stricken.

Reversed and remanded with instructions.

NEAL and ROBERTSON, JJ., concur.