Ruby **WRIGHT**, Appellant,

v.

Lawrence **FOWLER**, Bill Tobias, James Mahoney and Bernice Grove German Township Advisory Board, Sans Souci, Inc., Appellees.

No. 1–583A157.

Court of Appeals of Indiana, First District.

Jan. 30, 1984.

David J. Colman, Sarah A. Carter, Colman & Loftman, Bloomington, for appellant.

Harold V. Jones, Jr., Jones & Patterson, Thomas N. Mote, Lawson, Pushor, Mote & Coriden, Columbus, for appellees.

ROBERTSON, Judge.

Plaintiff-appellant, Ruby Wright, appeals the summary judgment granted in favor of the defendants on her negligence claim which sought to recover damages for injuries she received while working at Sans Souci, Inc. to qualify for poor relief. The trial court concluded that Wright's exclusive remedy was a workmen's compensation claim. Wright argues that she was not covered by workmen's compensation, and hence, that she was not bound by the act's exclusive remedy provisions because she was working for a not-for-profit charitable corporation rather than a governmental unit.

We reverse and remand.

In January, 1981, Wright applied for poor relief from the German township trustee in Bartholomew county. Pursuant to IND.CODE 12–2–1–10, the trustee determined that Wright was able to work and as a condition for receiving poor relief, he required her to work at Sans Souci, Inc., a not-for-profit corporation which allegedly is a charitable organization. On January 26, 1981, Wright was assigned to sort shoes at Sans Souci, Inc. and she was given a plastic stool to sit upon while she worked. The stool collapsed and Wright suffered injuries to her back. Subsequently, she filed her negligence complaint against the German township trustees and Sans Souci, Inc. among others.

The trial court relied on the following language from IND.CODE 12–2–1–10 to reach its conclusion that workmen's compensation was Wright's exclusive remedy: [1] "a recipient performing work under this chapter and the governmental unit for which he works are covered by I.C. 22–3 [22–3–1—22–3–10–3] with regard to the work performed".

On appeal, Wright argues she was not covered by the Workmen's Compensation Act because Sans Souci, Inc. is not a "governmental unit" and therefore, she was not

---

1. Indiana Workmen's Compensation Act., IND. CODE 22–3–1–1 *et seq.* at I.C. 22–3–2–6 provides that the remedies granted under it exclude other remedies.

a recipient performing work for a governmental unit as specified by I.C. 12–2–1–10.

■ Summary judgment of course is only proper when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *E.g. City of Fort Wayne v. Bentley*, (1979) 181 Ind.App. 114, 390 N.E.2d 1096, Ind. Rules of Procedure, Trial Rule 56(c). In the case at bar, the facts are undisputed and we are only concerned with a legal question; whether poor relief recipients who perform work for not-for-profit entities are covered by the Workmen's Compensation Act.

In its current form, I.C. 12–2–1–10 clearly states that poor relief recipients performing work for a governmental unit or for a *not-for-profit agency* are covered by the Workmen's Compensation Act. However, section 10 was amended in 1983 to include the term "not-for-profit agency". Prior to 1983, the section was amended in 1980 to provide workmen's compensation coverage for poor relief recipients performing work for governmental units. In turn, prior to 1980, section 10 stated that work performed to receive poor relief was to be considered as satisfaction of a condition and not as work performed for remuneration. Thus, the question becomes what was the extent of workmen's compensation coverage for poor relief recipients in 1981 when Wright was injured. At that time, the relevant parts of section 10 read: [2]

> (a) If the poor persons applying are in good health, or if any members of their family are so, the overseer shall insist that those able to labor shall seek employment, and he shall refuse to furnish any aid until he is satisfied that the persons claiming help are endeavoring to find work for themselves. The trustee shall require a recipient to do any work needed to be done within the township or an adjoining township for any governmental unit (including the state) having jurisdiction in those townships, unless:
> (1) the recipient is not physically able to perform the proposed work;

> (2) the recipient is a minor or is over sixty-five (65) years of age;
> (3) the recipient has full-time employment at the time he receives poor relief;
> (4) the recipient is needed to care for a person as a result of that person's age or physical condition; or
> (5) there is no work available for the recipient.
> For the purpose of this section, the term "recipient" means a single person receiving poor relief or, when poor relief is received by a household with two (2) or more persons, that member of the household most suited to perform available work. Suitability to perform available work shall be determined by the trustee, and he may provide for medical examinations necessary to make the determination. The recipient shall be required to do an amount of work which equals the value of assistance already received by him or his household. The recipient shall work off the assistance at a rate equal to not less than the federal minimum wage. The township shall furnish any necessary tools, materials, or transportation. Supervision of the work of a recipient is the responsibility of the governmental unit for which the work is performed. The trustee is responsible for seeing that the recipient is covered by adequate liability insurance for injuries and damages suffered by or caused by the recipient. A recipient shall not be assigned to work which would result in the displacement of governmental employees or in the reduction of hours worked by those employees. Work performed under this chapter is considered as satisfaction of a condition for poor relief and is not considered as services performed for remuneration. *However, a recipient performing work under this chapter and the governmental unit for which he works are covered by IC 22–3 with regard to the work performed. In computing benefits under IC 22–3, the wage rate at which the recipient works off*

2. (The emphasized language reflects the 1980 amendment, P.L. 94 § 1; 1980).

*the assistance shall be used.* The overseer shall make all possible effort to secure employment for the able-bodied in the township where they reside, and may call upon residents of the township to aid in finding work for persons who are able to labor. If the poor person applying for relief is in good health and able to work and if employment is secured for or offered to that person by the overseer of the poor, whether the compensation for the work be payable in money or in house rent, or in commodities consisting of the necessaries of life as defined in subsection (b) of this section or if employment at a reasonable compensation is offered by any other person, no aid shall be furnished to such poor person by the overseer unless and until that person shall accept and perform the labor so secured, except that the person may be given admission to the county home, where he shall be compelled to labor, but these restrictions shall not be construed as preventing the overseer of the poor from giving aid to members of the family or dependents of such person refusing employment.

Wright argues the 1983 amendments to section 10 reflect our legislature's intent to broaden workmen's compensation coverage for poor relief recipients and to expand the township trustees' authority to allow them to require recipients to work for not-for-profit entities in addition to governmental units. Conversely, Wright concludes that prior to the 1983 amendments, poor relief recipients working for not-for-profit agencies were not covered and also implicitly concludes that the trustees did not have the authority to place recipients with not-for-profit agencies.

The defendants contend the 1983 amendments to I.C. 12–2–1–10 merely clarify the legislature's original intention to provide all poor relief recipients with workmen's compensation coverage. They argue this is the only logical conclusion which can be drawn from the statutory scheme. They also argue Wright was working for a governmental unit, the township trustee.

■ When reviewing a statute, we look to the statute as a whole to determine the legislature's intent. *Skaggs v. State*, (1982) Ind.App., 438 N.E.2d 301. Words will be given their plain and ordinary meaning. *R.L. v. State*, (1982) Ind.App., 437 N.E.2d 482. We may consider a statute's legislative history and legislation passed either before or after it was enacted. *Id.* Additionally, an amendment altering a prior statute raises a presumption that the legislature intended to change the law unless it clearly appears that the amendment was passed to clarify the legislature's original intent. *Lake Cty. Beverage Co. v. 21st Amendment*, (1982) Ind.App., 441 N.E.2d 1008. This latter rule is really the focal point of the parties' arguments.

■ In 1977, I.C. 12–2–1–10(a) was amended to include language stating:

Work performed under this chapter is considered as satisfaction of a condition for poor relief and is not considered as services performed for remuneration.

IND.CODE 12–2–1–10(a), 1977 Supp.

Subsequently, the Attorney General issued an opinion stating that I.C. 12–2–1–10(a) as amended in 1977 did not provide workmen's compensation coverage for poor relief recipients. 1977 OP.IND.ATT'Y. GEN. No. 8. In 1980, section 10 was amended to include the emphasized language at p. 388 *infra*, to provide workmen's compensation for poor relief recipients performing work for governmental units. Further amendments were made in 1983 by P.L. 161 § 1. These amendments made the following relevant changes:

1) in the second sentence of subsection (a) substituted "county" for "township" and added "in any other county". Thus the sentence reads,

"The trustee shall require a recipient to do any work needed to be done within the county or an adjoining township in any other county for any governmental unit including the state having jurisdiction in those townships, ....":

2) in the seventh sentence substituted "unit of government for which the work

is performed" for "township". The sentence reads,

"The unit of government for which the work is performed shall furnish any necessary tools, materials, or transportation, unless the trustee agrees, in writing, to furnish the necessary tools,":

3) inserted the words "or not-for-profit agency" in the eighth and twelfth sentences. Respectively they read,

"Supervision of the work of a recipient is the responsibility of the governmental unit or not-for-profit agency for which the work is performed.

.        .        .        .        .

However, a recipient performing work under this chapter and the governmental unit or not-for-profit agency for which he works are covered by IC 22–3 with regard to the work performed".

4) added subsection (i) which reads,

"(i) The trustee may require the recipient to perform work for not-for-profit human services agencies located within the county or an adjoining township in another county unless the recipient attends courses under subsection (j). The not-for-profit agency shall furnish any necessary tools, materials, or transportation, unless the trustee agrees in writing to furnish the necessary tools, materials, or transportation to and from the work site from the trustee's office. A determination of a recipient's suitability to perform available work shall be made by the trustee, and he may provide for medical examinations necessary to make the determination. The recipient shall be required to do an amount of work which equals the value of assistance already received by him and his household. The recipient shall work off the assistance at a rate that is not less than the federal minimum wage. Supervision of the work of a recipient is the responsibility of the not-for-profit agency for which the work is performed. The trustee is responsible for seeing that the recipient is covered by adequate liability insurance for injuries and damages suffered by or caused by the recipient. A recipient shall not be assigned to work which would result in the displacement of employees of the not-for-profit agency or in the reduction of hours worked by those employees".

The defendants' point that the legislature intended to provide workmen's compensation for all poor relief recipients by the 1980 amendments to section 10 is well taken, but it does not go far enough. Until the 1983 amendments were made to section 10, nothing in the statute gave any indication that the trustee could require recipients to work for non-governmental entities. Giving the words used in the 1980 version their plain and ordinary meaning, we simply cannot see how the phrase "for any governmental unit (including the state) having jurisdiction in those townships", can be construed to encompass a private not-for-profit entity, even one which does charitable work.

The defendants also rely on the following language to support their contention that the legislature contemplated the assignment of poor relief recipients to private agencies in 1980 and that this intent was clarified by the 1983 amendments.

The overseer shall make all possible effort to secure employment for the able-bodied in the township where they reside, and may call upon residents of the township to aid in finding work for persons who are able to labor.

When read in the context of the whole statute, this language is a reference to work for recipients apart from work they would perform to qualify for relief. The language is a general directive for township trustees to make an effort to alleviate unemployment.

The defendants' argument that the case at bar is analogous to *Fox v. Contract Beverage Packers, Inc.*, (1980) Ind.App., 398 N.E.2d 709 fails for related reasons. In *Fox*, the issue was whether a temporary employee, who was provided by a private employment agency and who was injured while working for his temporary employer, was limited to workmen's compensation remedies. The court recognized the concept of dual employers in reaching its decision. The defendants argue Wright was

employed by Sans Souci, Inc. and a governmental unit, the township trustee. Therefore, they conclude Wright was limited to workmen's compensation. However, the prior statute referred to work performed for a governmental unit and to supervision of the recipient by the governmental unit for which the work was being performed. The present case is distinguishable from *Fox* because Wright was performing work for and was being supervised by Sans Souci, Inc. She was not performing work for any governmental unit and hence, was not jointly supervised by the trustee.

Finally, subsection (i), as added by the 1983 amendments to section 10, supports the presumption that those amendments were intended to alter the statute rather than clarify it. Subsection (i) is a separate and distinct grant of authority to township trustees. It goes into detail about the procedures and responsibilities involved in assigning a poor relief recipient to a not-for-profit agency.

Given this background, the trial court erred by granting summary judgment in the defendants' favor.

Judgment reversed and case remanded to the trial court for further action.

NEAL, P.J., and RATLIFF, J., concur.