**STATE of Indiana ex rel. Gilbert KLEAVING, et al., Relators,**

v.

**The PERRY CIRCUIT COURT and the Honorable Wayne A. Roell, Respondents.**

**No. 884 S 308.**

Supreme Court of Indiana.

Oct. 2, 1984.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, Houck & Houck, Greencastle, for relators.

Bruce E. Cissna, Dale, for respondents.

GIVAN, Chief Justice.

On August 6, 1984, this Court held a hearing on this original action. Following which, the Court advised the relators that the relief sought would be denied. On the 7th day of August, the relators filed their petition with the Clerk of this Court. We now deny the relief sought by the petition.

In 1959, the Middle Ford Watershed Conservancy District was established in Perry County. Flood control, soil conservation and development of forests were the apparent purposes in the establishment of the conservancy district.

On December 20, 1982, relators herein filed an action to mandate the Board of Directors of the conservancy district to "perform acts required by law," specifically requesting that the Work Plan and the Supplements to the Plan (of the District) be implemented. The Board of Directors had adopted a motion, in August of 1982, stating that they would do nothing more to implement the District Plan.

On January 10, 1983, relators moved for a change of venue from the county. On February 15, 1983, the District Board of Directors filed a Motion in Opposition of Motion for Change of Venue from the County.

From February of 1983 until November 29, 1983, relators did not seek a writ from this Court in order to perfect a change of venue from the county. Rather, on November 29, 1983, the Ind.R.T.P. 53.1 motion arrived at this Court with the trial clerk's certification, which indicated that a pending matter had not been ruled upon by the trial court. On March 9, 1984, this Court appointed Judge Wayne A. Roell to rule on the case. Judge Roell denied the Motion for Change of Venue on May 24, 1984. Relators now seek a writ to order Judge Roell to grant a change of venue from the county.

Assuming, for the sake of argument, that starting early in 1983, the relators would have had good cause to ask for a writ of mandate, mandating a change of venue from the county, they instead sought to pursue other avenues. Even after seeking and receiving the appointment of Judge Roell, who denied their Motion for Change of Venue on May 24, 1984, the relators filed nothing in this Court until the 25th day of July, 1984.

This Court has consistently held that writs of prohibition and mandate are equitable matters, and that laches will prevent such extraordinary relief. *State ex rel. Peoples National Bank & Trust Co. v. DuBois Circuit Court,* (1968) 250 Ind. 38, 233 N.E.2d 177, *reh'g. denied,* 250 Ind. 42, 234 N.E.2d 859; *State ex rel. Gibson General Hospital v. Warrick Circuit Court,* (1966) 247 Ind. 240, 214 N.E.2d 655.

This Court now finds that the relator in this cause did not act expeditiously after receiving Judge Roell's ruling on the change of venue. Therefore, the relief prayed for is hereby denied.

All Justices concur.