Dr. Jane IRMSCHER, Commissioner of Fort Wayne-Allen County Board of Public Health; Fort Wayne-Allen County Board of Public Health; and Fort Wayne-Allen County Health Board Commission, Defendants-Appellants,

v.

Thomas P. McCUE and State of Indiana, ex rel. Thomas P. McCue, Plaintiff-Appellee.

No. 02A03–8605–CV–143.

Court of Appeals of Indiana, Third District.

March 12, 1987.

---

J. Timothy McCaulay, Helmke, Beams, Boyer & Wagner, Fort Wayne, for defendants-appellants.

Max E. Hobbs, Fort Wayne, for plaintiff-appellee.

GARRARD, Presiding Judge.

On March 6, 1985, Thomas P. McCue filed a petition for writ of mandamus against Dr. Jane M. Irmscher, the Fort Wayne-Allen County Board of Public Health (Board) and the Fort Wayne-Allen County Health Board Commission (Commission).[1] McCue's petition alleged that Dr. Irmscher, the Board and the Commission failed to properly fill the vacancy of laboratory director within the Fort Wayne-Allen County Health Department (Health Department). The position was filled by Dr. Irmscher in her capacity as the department's health officer. McCue was an unsuccessful applicant for this position.

At trial, McCue alleged that a laboratory director should have been appointed by the Commission in accordance with a merit selection process similar to that used by the

---

1. The Fort Wayne-Allen County Health Department is an integrated city-county health department which was organized in 1973 pursuant to IC 16-1-7-16. It is governed by a seven member board known as the Fort Wayne-Allen County Board of Public Health. The Fort Wayne-Allen County Health Board Commission is a five member merit commission given the responsibility to establish rules and regulations to govern the hiring and firing of certain health department employees.

police and fire departments.[2] Dr. Irmscher, the Board and the Commission (appellants) claimed that as health officer, Dr. Irmscher had the power to appoint a laboratory director. On January 31, 1986, the Allen Circuit Court entered judgment in favor of McCue and against the appellants. We affirm.

## I.

### Discussion

The central issue in this dispute is essentially a question of statutory construction. McCue contends that the position of laboratory director should be filled by the Commission in accordance with Indiana Code Sections 16–1–7–16(c) and (e). Those sections provide in pertinent part as follows:

"(c) All employes of a city-county health department holding the rank of sanitary officers or inspectors or above, except the health officer, shall be hired, rated, promoted, demoted, disciplined, or dismissed in accordance with rules and regulations to be adopted for such purpose by a five (5) member health board commission.

\* \* \* \* \* \*

(e) The commission hereby created shall determine hiring, rating, promotion, demotion, discipline, or dismissal of employees holding the rank of sanitary officers or inspectors in accordance with the standards and procedures provided in IC 36–8–3.5.

"... The commission members shall within a one (1) year period after their appointment, hold open, competitive examinations for all employees of a city-county health department holding the rank of sanitary officers or inspectors or above except the health officer for the purpose of determining who will hold specific ranks within the department. Promotions and ranks shall become effective within this one (1) year period."

The appellants contend, however, that Dr. Irmscher, as health officer, has the power to appoint and employ a laboratory director pursuant to IC 16–1–7–28 which states:

"Sec. 28. Such full time local health officers shall have the power to appoint and employ such professional, clerical and other employees as may be necessary and reasonable to carry out and perform the duties of the department."

It is the function of this court to ascertain and implement the legislature's intent and the legislature's intent must be primarily determined by giving effect to the ordinary and plain meaning of the language used in the statute. *Marsym Development Corp. v. Winchester Economic Development Com'n.* (1983), Ind.App., 447 N.E.2d 1138, 1143. We may also consider the statute's legislative history and legislation passed either before or after it was enacted. *Wright v. Fowler* (1984), Ind. App., 459 N.E.2d 386, 389. Additionally, this court is required to adopt that construction which sustains the statute, carries out the purpose and renders all of its parts harmonious. *Holmes v. Rev. Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 451 N.E.2d 83, 88.

In this case, the legislature clearly delineates in IC 16–1–7–16 which health department employees must be hired or promoted by the Commission. "[A]ll employees ... holding the rank of sanitary officers or inspectors or above, except the health officer...." must be determined by the Merit Commission. The appellants contend that the position of laboratory director does not fall within the meaning of the "rank of sanitary officers or inspectors or above." They claim that the term "rank" refers only to military ratings such as sergeant, lieutenant and captain, and they point out that within the health department inspectors are ranked as captain inspector, lieutenant inspector and sergeant inspector.

We cannot accept this interpretation. Sanitary officers are not distinguished by such military ratings; however, IC 16–1–7–16 clearly refers to them as holding a "rank." Moreover, the health officer is not distinguished by use of a military title, but it would appear that this position is also considered a "rank" since the legislature

---

**2.** *See* IC 36–8–3.5 *et seq.*

had to specifically exclude it from the statute's application. Since the health officer is the chief executive officer of the department, it would appear that every position from sanitary officer up to, but excluding, the health officer would come within the statute's application.

This interpretation is supported by the statute's legislative history. At trial, testimony from one of the statute's drafters indicated that "rank" simply meant position or salary. "Rank" was not restricted to military ratings. Plaintiffs' exhibit 4 ranked the health department employees in terms of position and salary as follows: from highest to lowest, health officer, assistant health officer, chief inspector, sanitary engineer, laboratory director, assistant laborator director, captain inspector, lieutenant inspector, sergeant inspector, sanitary officer and sanitarian. IC 16–1–7–16 would apply to every position from sanitary officer up to but excluding the health officer. Clearly the position of laboratory director would fall within the statute's application since it is a position above the rank of sanitary officers and inspectors.

■ Furthermore, it would appear that through IC 16–1–7–16, the legislature has delegated to the merit commission the exclusive authority to determine the employees holding those ranks. First, IC 16–1–7–16(e) states that the Commission "shall" determine all employees holding the rank of sanitary officer or above. The word "shall" is generally considered to be a word of mandatory import. *Johnson v. Johnson* (1984), Ind.App., 460 N.E.2d 978, 979–80. Secondly, IC 16–1–7–16(f) states:

"(f) The department's health officer has the same power to reprimand or suspend an employee holding the rank of sanitary officer or inspector or a higher rank in the manner provided to the police or fire chief in IC 36–8–3.5–19."

The statute is silent, however, as to the health officer's ability to appoint or employ employees holding the rank of sanitary officer or inspector or a higher rank. In construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what it does say. *Charles W. Smith & Sons v. Lichtefeld-Massaro* (1985), Ind.App., 477 N.E.2d 308, 310. Thus, it appears that the legislature specifically declined to delegate to the health officer the power to determine these employees.

Clearly, as the department's chief executive officer, Dr. Irmscher has the authority to appoint and employ certain employees.[3] IC 16–1–7–28 states that full-time local health officers shall have the power to appoint and employ professional, clerical and other employees. IC 16–1–4–21 states that local health officers shall have the power to appoint and employ public health nurses, sanitarians, clerks and other personnel. Since both the Commission and health officer have been delegated the authority to employ health department personnel, it is the duty of this court to construe these statutes in a consistent and harmonious manner if possible. *Tilbury v. City of Fort Wayne* (1984), Ind.App., 471 N.E.2d 1183, 1186.

■ Here, the authority granted to the Commission to determine employees can be consistently and harmoniously construed with the authority granted to the health officer. In IC 16–1–7–16 the legislature has specifically delegated to the Commission the authority to determine all employees holding the rank of sanitary officer and above except the health officer. However, a health officer may appoint employees holding ranks below sanitary officers such as sanitarians. *See* IC 16–1–4–21. A health officer may also employ stenographers and other clerical assistants. *See* Op.Att.Gen. No. 60 (1946). In addition, a health officer may appoint and employ such professional employees as public health nurses and physicians.[4] *See* IC 16–1–4–21, IC 16–1–10–6. Since a lab director is an

---

3. This statement is true regardless of whether Dr. Irmscher was a full-time or part-time health officer. While IC 16–1–7–28 requires that the health officer be full-time as McCue alleges, IC 16–1–4–21 pertains to all health officers whether full-time or part-time. *See* IC 16–1–4–1.

4. Subject to the approval of the Board. *See* IC 16–1–7–31.

employee holding a rank above sanitary officer, the trial court correctly determined that this position should be determined by the Commission in accordance with a merit selection process similar to that utilized by police and fire departments.

## II.

■ Next, appellants claim that mandate was not a proper remedy. A mandamus action is authorized by IC 34–1–58–2 which states:

> "The action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which law specifically enjoins, or any duty resulting from any office, trust or station."

This has been interpreted as enabling a court to properly mandate public officials, boards and commissions to perform a clear, absolute and imperative duty imposed by law. *State ex rel. Land v. Bd. of Trustees of Springs Valley School Corp.* (1982), Ind.App., 430 N.E.2d 791, 794. Here IC 16–1–7–16 states that the Commission "shall" determine all employees holding the rank of sanitary officers, inspectors or above. It is not disputed that the Commission did not do so in this case. Therefore, the trial court properly mandated appellants to proceed in accordance with IC 16–1–7–16.

## III.

■ Finally, appellants claim that the trial court erred in failing to find that McCue's claim was barred by the doctrine of laches. Writs of mandate are equitable matters and laches will prevent such extraordinary relief. *State ex rel. Kleaving v. Perry Circuit Ct.* (1984), Ind., 468 N.E.2d 850, 851. However, the application of the defense of laches is a determination which rests within the sound discretion of the trial court, and will be reviewed only for abuse of that discretion. *Siddall v. City of Michigan City* (1985), Ind.App., 485 N.E.2d 912, 916. We cannot say the trial court necessarily abused its discretion.

In October of 1983, the position of lab director became vacant due to the resignation of Theodore Katras. On October 21, 1983, McCue received a letter from J. Timothy McCaulay, appellants' attorney, in response to his inquiry as to the proper procedure for filling the vacancy. McCue was informed by McCaulay that a lab director should be appointed by Dr. Irmscher and not by the Merit Commission. Consequently, McCue applied for the position and in the interim he assumed the duties of lab director. On March 21, 1984, Dr. Irmscher appointed Mary Murphy to the position. McCue did not file his petition for writ of mandamus until March 6, 1985. However, lapse of time alone does not constitute laches. Other elements must be considered such as the claimant's knowledge of his rights and prejudice to the adverse party. *Summerlot v. Summerlot* (1980), Ind. App., 408 N.E.2d 820, 827. Here, McCue was previously informed by the Board's attorney that Dr. Irmscher had the authority to make the appointment. The trial court's decision to entertain McCue's petition cannot be said to be clearly against the logic and effect of the facts and circumstances before the court.

Affirmed.

STATON and NEAL, JJ., concur.