**Roger NEAL, Appellant–Plaintiff Below,**

**v.**

**PIKE TOWNSHIP and the Pike Township Fire Department Merit Commission, Mike Long, Pat Scherck, Steven Hendrixson, Susan McKee, and Stephen G. Luther, Members. Appellees–Defendants Below.**

No. 49A02–9310–CV–560.

Court of Appeals of Indiana, Third District.

Aug. 22, 1994.

Barry A. Macey, Diana J. Ensign, Macey, Macey and Swanson, Indianapolis, for appellant.

Jan J. Kinzie, Steven V. Shoup, Owen Shoup & Kinzie, Indianapolis, for appellee.

STATON, Judge.

Roger Neal appeals the trial court's affirmation of his employment termination by the Pike Township Fire Department Merit Commission ("Commission"). He presents two issues for review:

I. Whether the Commission lacked jurisdiction to terminate Neal's employment because a second termination hearing was not conducted within thirty days after the conclusion of appellate proceedings reversing the initial termination decision.

II. Whether the Commission demonstrated bias by admitting certain hearsay evidence while excluding evidence proffered by Neal.

We affirm.

On November 5, 1985, Neal was suspended from his employment as a firefighter in the Pike Township Fire Department ("Department"). On January 7, 1986, a public hearing was held, where Neal faced allegations that he falsified medical documents submitted to obtain employment and violated the Department's sick leave policy. On January 15, 1986, in Neal's absence, additional evidence concerning the allegations was submitted to the Commission.

The Commission approved Neal's termination and he sought review in the Marion County Superior Court. The reviewing court summarily affirmed the Commission's decision. This court reversed, concluding:

> "[Neal] was not afforded the due process required in an administrative proceeding when, in his absence and without his knowledge, the township trustee presented evidence against him at a closed meeting."

*Neal v. Pike Tp.* (1988), Ind.App., 530 N.E.2d 103, 104, *reh. denied, trans. denied.*

On June 18, 19 and 20, 1990, the Commission again heard evidence concerning the allegations against Neal; at the conclusion of the hearing, the Commission terminated Neal's employment. On June 23, 1993, the Marion Superior Court affirmed the termination. This appeal ensued.

## I.

### Jurisdiction

The second Commission decision to terminate Neal's employment was made over one year after Neal obtained a reversal of the first termination decision. Neal contends that the Commission "forfeited" jurisdiction to terminate his employment because of non-compliance with a provision of the Police and Fire Departments' Merit Systems Code, IND.CODE 36-8-3.5-17(c):

> "If the chief of the department, after an investigation within the department, prefers charges against a member of the department for an alleged breach of discipline under subsection (b), including any civilian complaint of an alleged breach of discipline under subsection (b)(2)(F),

(b)(2)(G), or (b)(2)(H), a hearing shall be conducted upon the request of the member. If a hearing is requested within five (5) days of the chief preferring charges, the parties may by agreement designate a hearing officer who is qualified by education, training, or experience. If the parties do not agree within this five (5) day period, the commission may hold the hearing or designate a person or board to conduct the hearing, as provided in the commission's rules.... The hearing conducted under this subsection shall be held within thirty (30) days after it is requested by the member."

■ Neal argues that the 30 day requirement must be applied to a hearing necessitated by an order of reversal and remand, while Department argues that the 30 day requirement contemplates only an initial hearing. Neal further contends that a dismissal ordered after the 30 day period is void.

■ A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.* (1992), Ind.App., 600 N.E.2d 555, 558, *adopted on transfer* (1993), Ind., 608 N.E.2d 699. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Detterline v. Bonaventura* (1984), Ind.App., 465 N.E.2d 215, 218, *trans. denied.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We presume words appearing in the statute were intended to have meaning and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied.*

Pursuant to I.C. 36-8-3.5-17(c), the 30 day period for holding a hearing begins to run when the hearing "is requested by the mem-

ber," subsequent to "the chief preferring charges." The plain language of the statute contemplates a member's initial response to a disciplinary action. The legislature included no parallel 30 day requirement for subsequent hearings or hearings necessitated by orders of remand. We decline to imply a specific post-appeal limitation.

■ This court will not add to a statute language which does not exist therein. *Ashlin Transportation Services, Inc. v. The Indiana Unemployment Insurance Board, et al.* (1994), Ind.App., 637 N.E.2d 162, 168.

> "An extension of the plain meaning of a statute by the addition of words or phrases encroaches upon the legislative function. *Second National Bank of Danville v. Massey–Ferguson Credit Corp.* (1985), Ind. App., 478 N.E.2d 916, 918. 'In construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what it does say.' *Irmscher v. McCue* (1987), Ind.App., 504 N.E.2d 1034, 1037."

*Id.*

■ Neal further argues that, even if the 30 day limitation of I.C. 36–8–3.5–17(c) is inapplicable to post-appeal hearings, the Commission's decision is void because the Commission's dilatory conduct deprived him of procedural due process. Neal claims that the fifteen month delay after remand was egregious on its face.

At the conclusion of Neal's appeal, this court remanded the proceedings to the trial court; however, the trial court failed to order the Commission to conduct a new hearing. The record reveals that, in July 1989, Neal directly requested that the Commission conduct a new hearing.

The record further reveals that the ensuing eleven month delay is in substantial part attributable to Neal's actions. Neal objected to the employment of the Commission's attorney, identifying a potential conflict of interest because the attorney and a Commission member's spouse worked for the same firm; the Commission obtained new counsel. Neal subsequently objected to the participation of one Commission member, citing allegedly hostile comments by the member.

The Commission member to whom Neal objected resigned; some delay ensued while his replacement was obtained. The parties negotiated concerning a hearing officer, but ultimately rejected the proposal. Instead, a new Commission member was procured.

Clearly, Neal had the right to take measures to ensure a hearing before an impartial entity. However, he cannot simultaneously claim that the Commission denied him due process by acceding to his requests. The egregious circumstance which prompted this court to conclude that Neal was denied due process in the first hearing—the *ex parte* presentation of evidence—was not repeated at the second hearing. Moreover, the eleven month delay between Neal's request and the Commission's decision (allowing procedural negotiations as well as the replacement of the Commission's attorney and one Commission member) did not effectively deny Neal a full and fair hearing. Neal was afforded procedural due process.

## II.

### Administrative Bias

■ Next, Neal claims that the Commission demonstrated bias in favor of the Department by making certain evidentiary rulings unfavorable to Neal: a letter signed by Dr. Butterworth was admitted into evidence although Dr. Butterworth did not testify at the hearing; a witness testified concerning his prior conversation with Dr. Butterworth; and Neal's motion to admit the transcript of Dr. Gardner's testimony from the first hearing was denied.

IND.CODE 4–21.5–3–26 provides that hearsay evidence may be admitted in administrative hearings. The Commission's admission of oral and written hearsay statements—in compliance with relevant statutory procedure—does not demonstrate bias in favor of the Department.

Moreover, the Commission's exclusion of the proffered testimony of Dr. Gardner was not a ruling either favorable to the Department or detrimental to Neal. Dr. Gardner's testimony (at the first hearing) disclosed that he probably "would have" signed Neal's medical forms *if the signature had been request-*

*ed.* He did not testify that he had signed Neal's medical forms; thus, his testimony, if admitted, would not have rebutted the forgery charge against Neal.

Neal has not demonstrated that he was deprived of a fair and full hearing before an impartial body. The judgment of the trial court approving the termination is affirmed.

RILEY, J., concurs.

SULLIVAN, J., concurs and files separate Opinion.

SULLIVAN, Judge, concurring.

The necessity for a timely new hearing or reinstatement was implicit in our 1988 reversal and remand of the Commission's earlier action. The Commission did not hold a new hearing until more than one year following the date upon which the appellate decision became final. However, Appellees point out that the Marion Superior Court, the reviewing court, did not forward the matter to the Commission as required by our order upon reversal. Although our order may seem overly technical and unnecessary, our appellate review was of the Superior Court's judgment not the Commission's decision. Therefore, it was incumbent upon us to direct our remand to the Superior Court and for that court, in turn to issue an order to the Commission. Although there was what appears to be an inordinate delay, Neal did not show that it was other than a minor administrative oversight.

Be that as it may, Neal could demonstrate prejudice from the delay only if he had been successful in attacking his termination upon appeal. Only if the Commission wrongfully or erroneously terminated Neal, would he have been entitled to reinstatement and back pay. Because we have affirmed the decision finding Neal's termination appropriate, he has suffered no harm from the fact that the rehearing was not expeditiously conducted.

I fully concur in the opinion of the majority.